UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWIN L. ZEPEDA,

                         Plaintiff,                        REPORT AND
                                                      RECOMMENDATION

      -against-

                                                15 CV 530 (SLT) (RML)

HILLSIDE TIRE SHOP, INC. and GENNADIY
BARAYEV,

                          Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

                  Plaintiff Edwin L. Zepeda ("plaintiff") commenced this action on February 3,

2015, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219,

and the New York Labor Law (the "NYLL"), N.Y. LAB. LAW §§ 195, 650-665.  (Complaint,

dated Feb. 3, 2015 ("Compl.").)  On September 28, 2015, plaintiff moved for default judgments

against defendants Hillside Tire Shop, Inc. and Gennadiy Barayev ("defendants").  (Plaintiff's

Motion for Default Judgment, dated Sept. 28, 2015.)  By order dated October 27, 2015, the

Honorable Sandra L. Townes, United States District Judge, referred plaintiff's motion to me for a

Report and Recommendation.  (Order, dated Oct. 27, 2015.)  I conducted a damages hearing on

February 23, 2016, at which plaintiff testified under oath.[1]  (Hearing Transcript, dated Feb. 23,

2016 ("Tr.").)  Plaintiff supplemented his damages submission on March 23, 2016.  (See Letter

of Jodi J. Jaffe, Esq., dated Mar. 23, 2015 ("Jaffe Ltr.").)  For the reasons stated below, I

respectfully recommend that plaintiff's motion be granted and that plaintiff be awarded a total of

$29,671.20, consisting of $586.08 in unpaid minimum wages; $12,702.72 in unpaid overtime

---

[1] Plaintiff testified through a Spanish interpreter.

overtime wages; $13,288.80 in liquidated damages; $2,550 in attorney's fees; and $543.60 in costs.

## BACKGROUND AND FACTS

Plaintiff alleges that he was employed by defendants as a tire repair person at their tire repair shop at 132-06 Hillside Avenue in Richmond Hill, New York from approximately October 7, 2012 through approximately mid-September 2014.  (Affidavit of Edwin L. Zepeda, sworn to Sept. 24, 2015 ("Zepeda Aff."), Dkt. No. 16-4, ¶ 4; see also Compl. ¶ 24.)  The complaint alleges that defendants' business was engaged in interstate commerce and had annual gross revenue of at least $500,000 during the relevant period.  (Compl. ¶¶ 13-14.)  Plaintiff claims that he consistently worked over forty hours per week and was denied minimum wage compensation and overtime pay during his employment.  (Compl. ¶¶ 25, 28-29; Zepeda Aff. ¶¶ 5, 6, 9, 10.)  He seeks damages for defendants' violations of the FLSA and the NYLL, and an award of attorney's fees and costs.

Plaintiff has demonstrated that defendants were served with the summons and complaint.  (Affidavit of Service of Luis A. Negron, dated Mar. 6, 2015, Dkt No. 7-1; Affidavit of Service of Luis A. Negron, dated Mar. 6, 2015, Dkt. No. 8-1.)  A Clerk's Entry of Default confirms that defendants have not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired.  (Clerk's Certificate of Default, dated May 8, 2015, Dkt. No. 14.)  I therefore respectfully recommend that plaintiff's motion for a default judgment be granted.

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability."  Jones v. E. Brooklyn Sec.

Servs. Corp., No. 11 CV 1021, 2012 WL 909830, at *1 (E.D.N.Y. Feb. 28, 2012) (citing

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)); see

also Callier v. Superior Bldg. Servs., Inc., No. 09 CV 4590, 2010 WL 5625906, at *2 (E.D.N.Y.

Dec. 22, 2010) ("When a defendant defaults, the court must accept all well-pleaded allegations in

the complaint as true, except those pertaining to the amount of damages.") (citations omitted),

report and recommendation adopted, 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011).  I will address

each of plaintiff's claims in turn.

**DISCUSSION**

A.  Definition of Employer

To be held liable under the FLSA and the NYLL, a defendant must be an

employer.  See Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); Pinzon v.

Paul Lent Mech. Sys., Inc., No. 11 CV 3384, 2012 WL 4174725, at *6 (E.D.N.Y. Aug. 21,

2012), report and recommendation adopted, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  The

FLSA defines an "employer" broadly as "any person acting directly or indirectly in the interest of

an employer in relation to an employee."  29 U.S.C. § 203(d).  The NYLL employs an even more

expansive definition, including not only business owners or proprietors, but also any agents,

managers, supervisors and subordinates.  Pinzon, 2012 WL 4174725, at *6.  To determine

whether a defendant was an employer, courts use the "economic realities" test, which analyzes

various factors, including "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of employment,

(3) determined the rate and method of payment, and (4) maintained employment records."  Carter

v. Dutchess Cty. Comm. Coll., 735 F.2d 8, 12 (2d Cir. 1984); see also Fermin v. Las Delicias

Peruanas Rest., 93 F. Supp. 3d 19, 35-36 (E.D.N.Y. 2015) (discussing the economic realities

test); Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations that

an individual defendant "was an owner, partner, or manager," coupled with his default, was

sufficient to qualify him as an FLSA and a NYLL employer and to impose joint and several

liability with corporate defendants for wage law violations).  Based on plaintiff's allegations, I

find that both defendants were plaintiff's "employers" within the meaning of the FLSA and

NYLL.  (Compl. ¶¶ 8, 9, 24.)

     B.  Calculation of Damages

        1.  Minimum Wages

        a.  Federal and State Minimum Wage Rates

     Under both the FLSA and the NYLL, employees must be paid at least a minimum

hourly rate for every hour that they work.  29 U.S.C. § 206(a); N.Y. LAB. LAW § 652.  "The

federal minimum wage does not preempt the state minimum wage and a plaintiff may recover

under whatever statute provides the highest measure of damages."  Wicaksono v. XYZ 48 Corp.,

No. 10 CV 3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011) (citing 29 U.S.C. § 218(a)),

report and recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); Fujun Jiao v.

Shi Ya Chen, No. 03 CV 165, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007).  As the

minimum wage in New York equaled or exceeded the federal minimum wage rate at all relevant

times, plaintiff's unpaid minimum wages will be computed using the state wage rate.[2]  See

---

[2] The federal minimum hourly wage was $7.25 during the entirety of plaintiff's employment.
29 U.S.C. § 206(a)(1)(A)-(C).   The New York minimum hourly wage was $7.25 until December
31, 2013, when it increased to $8.00.  N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.1(a)(5),
146-1.2; see also https://www.labor.ny.gov/stats/minimum_wage.asp.

Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 89 (E.D.N.Y. 2012); Jin Cao v. Wu Liang Ye

Lexington Rest., Inc., No. 08 CV 3725, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010).

"Generally, an employee-plaintiff under the FLSA 'has the burden of proving that

he performed work for which he was not properly compensated.'" Santillan v. Henao, 822 F.

Supp. 2d 284, 293-94 (E.D.N.Y. 2011) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S.

680, 687 (1946)).  However, the employer bears the burden under state and federal law of

maintaining records of the employee's wages, hours, and other conditions of employment.  29

U.S.C. § 211(c); N.Y. LAB. LAW. § 196–a(a).  Defendants have defaulted, depriving plaintiff of

the necessary employment records, and hampering plaintiff's ability to prove his damages.  Thus,

plaintiff's testimony and estimates regarding his employment will be credited and his damages

calculated on that basis.[3]  See Gunawan, 897 F. Supp. 2d at 83-84 ("When a defendant defaults in

an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are

presumed to be correct.") (citations omitted); see also Santillan, 822 F. Supp. 2d at 294;

_____

[3] Plaintiff makes claims pursuant to federal and state wage laws.  The FLSA permits a plaintiff to recover wages within two years after the claim accrues, unless the plaintiff can demonstrate that the employer's violations were willful, in which case the limitations period is extended to three years.  See 29 U.S.C. § 255(a).  The willfulness requirement may be satisfied if the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  Because the complaint alleges that the violations were "willful" (e.g., Compl. ¶¶ 20, 32, 40, 48, 58), and defendant has not contested that allegation, plaintiffs are entitled to a finding that defendant's conduct was willful, and a three year statute of limitations will apply to the FLSA claims.  See Wicaksono v. XYZ 48 Corp., No. 10 CV 3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011). The statute of limitations for violations of the NYLL is six years.  N.Y. LAB. LAW § 663(3).

Plaintiff began working for defendants on approximately October 7, 2012, and the complaint in this action was filed on February 3, 2015; thus, all of plaintiff's wage and hour claims accrued within the FLSA three-year statute of limitations and well within the NYLL statute of limitations.

Wicaksono, 2011 WL 2022644, at *2.

### b. Unpaid Minimum Wage Calculations

Plaintiff was employed by defendants from approximately October 7, 2012 to approximately September 14, 2014.  (Tr. at 4; Zepeda Aff. ¶ 4.)  Plaintiff stated that he worked "six or seven" days a week, in shifts that lasted approximately twelve hours,[4] for an average of approximately seventy-two (72) hours per week.  (See Tr. at 14; Zepeda Aff. ¶ 5.)  Plaintiff's hearing testimony was confused and inconsistent regarding his rate of pay; I will therefore use the pay rate plaintiff stated he received in his sworn affidavit, which is $80 per day, or $560 per week.[5]  (See Zepeda Aff. ¶ 5.)   This amounts to an approximate average hourly wage of $7.78, which was below the $8.00 statutory minimum wage starting January 1, 2014.  Plaintiff is therefore entitled to recover $586.08 in unpaid minimum wages (.22 x 72 hours x 37 weeks).

### 2. Overtime

Under both federal and state law, plaintiff is entitled to overtime wages at a rate of 150 percent of his regular wages for hours worked in excess of forty per week.  29 U.S.C. § 207(a)(1); N.Y. COMP. CODES R. & REGS. tit 12, § 146-1.4.  Plaintiff asserts that he never received overtime compensation at any point during his employment.  (Compl. ¶¶ 2, 29, 56-60,

---

[4] Plaintiff has not requested spread-of-hours compensation under New York's provision that allows a plaintiff to recover an extra hour's worth of pay at the minimum wage for each day that an employee works in excess of ten hours.  N.Y. COMP. CODES R. & REGS. tit. 12, § 142–2.4. Nor has plaintiff requested damages for wage statement violations under NYLL § 195(1)(a) or § 195(3), or prejudgment interest under NYLL § 663(1).  (See Affirmation of Jodi J. Jaffe, Esq., dated Sept. 28, 2015, Dkt. No. 16-1; Zepeda Aff.)

[5] Plaintiff's counsel explained the inconsistencies by stating that plaintiff was "scared" that defendants would appear in court and engage in "threats and inappropriate behavior."  (Jaffe Ltr.) I accept that explanation, but because plaintiff's testimony was difficult to follow, I have used the estimates set out in his affidavit.

66-68.)  He is therefore entitled to recover fifty percent of his regular hourly wage, or of the applicable minimum wage rate, for the overtime hours worked during his employment.  See Gunawan, 897 F. Supp. 2d at 90; Pineda-Herrera v. Da-Ar-Da, Inc., No. 09 CV 5140, 2011 WL 2133825, at *3 (E.D.N.Y. May 26, 2011).

For 2012 and 2013, plaintiff is entitled to $3.89 per hour (half of his average hourly wage of $7.78) for thirty-two hours per week.  For 2014, he is entitled to $4.00 per hour (half the $8.00 minimum wage) for thirty-two hours per week.  He is therefore owed a total of $12,702.72 in overtime pay.  (($3.89 x 32 hours x 64 weeks) + ($4.00 x 32 hours x 37 weeks)).

3.  Liquidated Damages

Plaintiff also seeks an award of liquidated damages.  (Zepeda Aff. ¶¶ 8, 11.)  Both federal and state law provide for an award of liquidated damages to a plaintiff who establishes that an employer has failed to pay required wages.  Siemieniewicz v. CAZ Contracting Corp., No. 11 CV 704, 2012 WL 5183375, at *12 (E.D.N.Y. Sept. 21, 2012), report and recommendation adopted as modified, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012); Gunawan, 897 F. Supp. 2d at 90-91.  Under either the FLSA[6] or the NYLL, plaintiff is entitled to liquidated

---

[6]  The Portal–to–Portal Act, 29 U.S.C. § 251, *et seq.*, which amended the FLSA, affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective "good faith" with objectively "reasonable grounds" for believing that its acts or omissions did not violate the FLSA.  Id. § 260.  To establish the requisite subjective "good faith," an employer must show that it took "active steps to ascertain the dictates of the FLSA and then act to comply with them."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999); see also Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997).  "[T]he [employer's] burden is a difficult one, with double damages being the norm and single damages the exception."  Gortat v. Capala Bros., No. 07 CV 3629, 2013 WL 2566622, at *3 (E.D.N.Y. June 12, 2013) (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999)), motion for relief from judgment denied, 2013 WL 3010827 (E.D.N.Y. June 18, 2013).  Here, defendants "have not responded to the motion for default and have not

(continued...)

damages equal to one hundred percent of unpaid minimum wages and overtime.[7]  29 U.S.C.

§ 216(b); N.Y. LAB. LAW § 663(1).  I therefore recommend that plaintiff be awarded $13,288.8

in liquidated damages ($586.08 + $12,702.72).

### 4.  Attorney's Fees and Costs

 Plaintiff requests $3,202.60 in attorney's fees and costs.  Both the FLSA and

NYLL allow for an award of "reasonable" attorney's fees.  See 29 U.S.C. § 216(b); N.Y. LAB.

LAW § 663(1).  The party seeking reimbursement of attorney's fees bears the burden of proving

the reasonableness and the necessity of the hours spent and rates charged.  See Savoie v.

Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999); Fermin, 93 F. Supp. 3d at 51 (citing N.Y.

Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).  Accordingly,

the party seeking fees must provide accurate, detailed and contemporaneous attorney time

records.[8]  See Scott v. City of New York, 643 F.3d 56, 58–59 (2d Cir. 2011); Green v. City of

---

[6](...continued)
carried their burden of proving that liquidated damages should not be awarded."  Castellanos v.
Deli Casagrande Corp., No. 11 CV 0245, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013)
(citations omitted), report and recommendation adopted, 2013 WL 1209311 (E.D.N.Y. Mar. 25,
2013).  See also Mejia v. E. Manor USA Inc., No. 10 CV 4313, 2013 WL 3023505, at *5
(E.D.N.Y. Apr. 19, 2013), report and recommendation adopted, 2013 WL 2152176 (E.D.N.Y.
May 17, 2013)("Obviously, an employer who defaults fails to make a showing of good faith.")
(citations omitted).

[7]  Some courts have permitted plaintiffs to secure cumulative awards of liquidated damages
under both statutes.  See, e.g., Galicia v. 63-68 Diner Corp., No. 13 CV 3689, 2015 WL
1469279, at *6 (E.D.N.Y. Mar. 30, 2015) ("Because the FLSA's liquidated damages provision
serves a compensatory purpose while the NYLL's serves a punitive purpose, a plaintiff may be
awarded both simultaneously for the same period of underpayment.").  Plaintiff has not requested
double recovery of liquidated damages, and I therefore decline to recommend that such damages
be awarded.

[8]  Plaintiff's counsel has complied with this requirement.  (See Plaintiff's Attorneys' Fees
(continued...)

-8-

New York, 403 F. App'x 626, 630 (2d Cir. 2010); Carey, 711 F.2d at 1148 (2d Cir. 1983); In re
Phelan, 570 N.Y.S.2d 202, 203 (2d Dep't 1991).

   A reasonable hourly rate is "the rate a paying client would be willing to pay,"
"bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to
litigate the case effectively."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of
Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).  The reasonable
hourly rates should be based on "rates prevailing in the community for similar services of
lawyers of reasonably comparable skill, experience, and reputation."  Cruz v. Local Union No. 3
of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)).
Determination of the prevailing market rates may be based on evidence presented or a judge's
own knowledge of hourly rates charged in the community.  Chambless v. Masters, Mates &
Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989).  The "community" is generally
considered to be the district where the court sits.  See Arbor Hill, 522 F.3d at 190.  Also, "the
nature of representation and type of work involved in a case are critical ingredients in
determining the 'reasonable' hourly rate."  Arbor Hill, 522 F.3d at 184 n.2 (citations omitted).

   After determining a reasonable hourly rate, the court must assess whether the
hours expended by plaintiff's counsel were reasonable, and exclude any hours that were
excessive, redundant, or otherwise unnecessary to the litigation.  See Hensley v. Eckerhart, 461
U.S. 424, 434 (1983); Jaramillo v. Banana King Rest. Corp., No. 12 CV 5649, 2014 WL
2993450, at *9 (E.D.N.Y. July 2, 2014).  In making this determination, the court must "'use [its]

---

[8](...continued)
Affidavit, filed Sept. 28, 2015, Dkt. No. 16-5; Time Records, Dkt. No. 16-6.)

experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent.'"  Fox Indus., Inc. v. Gurovich, No. 03 CV 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

        Plaintiff's counsel, Jaffe Glenn Law Group, P.A., requests an award of $2,754 in fees, representing 5.1 attorney hours at an hourly rate of $350, and 10.2 paralegal hours at an hourly rate of $95.  (See Attorney Time Records, Dkt. No. 16-6.)  Jodi L. Jaffe, Esq., the attorney who litigated this matter, is admitted to practice in New York, New Jersey, and Florida, and has over twenty-five years of litigation experience.  (See Plaintiff's Attorney's Fees and Costs Affidavit, filed Sept. 28, 2015, Dkt. No. 16-5.)  Based on my review of the hourly rates awarded to similarly experienced attorneys in this district, I find Ms. Jaffe's hourly rate reasonable.  See, e.g., Morales v. B&M Gen. Renovation Inc., No. 14 CV 7290, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016) ("the prevailing hourly rate for partners in this district is between $300 and $400"), report and recommendation adopted, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016); Perez v. Queens Boro Yang Cleaner, Inc., No. 14 CV 7310, 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016) (reducing partner's hourly rate from $400 to $350 in wage-and-hour case), report and recommendation adopted sub nom. Perez v. Yang Cleaners, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016); Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C., No. 14 CV 1099, 2015 WL 5676679, at *9 (E.D.N.Y. Aug. 31, 2015) ("Courts have generally found the prevailing hourly rates in the Eastern District of New York to be between $350 and $400 for law firm partners"), report and recommendation adopted, 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015). However, I find it appropriate to reduce the hourly rate for paralegals to $75.  See Morales, 2016

WL 1266624, at *11 (awarding paralegal $75 hourly rate); <u>Cortes v. Warb Corp.</u>, No. 14 CV

7562, 2016 WL 1266596, at *6 (E.D.N.Y. Mar. 15, 2016), <u>report and recommendation adopted</u>,

2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016) (same); <u>Perez</u>, 2016 WL 1359218, at *8 (reducing

paralegal's rate to $75 an hour); <u>Griffin v. Astro Moving & Storage Co. Inc.</u>, No. 11 CV 1844,

2015 WL 1476415, at *9 (E.D.N.Y. Mar. 31, 2015) ("In this district, the average hourly rate

awarded to paralegals . . . is seventy-five dollars ($75.00).").

       To determine the reasonableness of the hours spent on the litigation, the court

must make "'a conscientious and detailed inquiry into the validity of the representations that a

certain number of hours were usefully and reasonably expended.'"  <u>Maldonado v. La Nueva</u>

<u>Rampa, Inc.</u>, No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting

<u>Lundav v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994)).  The "critical inquiry is 'whether, at

the time the work was performed, a reasonable attorney would have engaged in similar time

expenditures.'"  <u>Id.</u> (quoting <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992)).  Having

reviewed counsel's time records, I find the number of hours expended reasonable.  I therefore

recommend that plaintiff receive $2,550 in attorney's fees ((5.1 x $350) + (10.2 x $75)).

       Plaintiff may also be reimbursed for the reasonable costs of this action pursuant to

both the FLSA and NYLL.  29 U.S.C. § 216(b); N.Y. LAB. LAW §§ 198, 663(1).  Plaintiff seeks

$543.60 in costs, which includes the $400 filing fee and $90 for service of process.  (<u>See</u>

Expense Ledger, Dkt. No. 16-7.)  I find the expenses reasonable and therefore recommend that

plaintiff be awarded $543.60 in costs.

## CONCLUSION

       For the foregoing reasons, I respectfully recommend that plaintiff's motion be

granted and that plaintiff be awarded a total of $29,671.20, consisting of $586.08 in unpaid

minimum wages; $12,702.72 in unpaid overtime overtime wages; $13,288.80 in liquidated

damages; $2,550 in attorney's fees; and $543.60 in costs.  Any objections to this Report and

Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge

Townes and to my chambers, within fourteen (14) days.  Failure to file objections within the

specified time waives the right to appeal the district court's order.  <u>See</u> 28 U.S.C. § 636(b)(1)(C)

(2009); FED. R. CIV. P. 72, 6(a).

Respectfully submitted,


_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      June 30, 2016

-12-