UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWIN L. ZEPEDA,

                          Plaintiff,

      -against-

HILLSIDE TIRE SHOP, INC, and GENNADIY
BARAYEV, Individually

                        Defendants.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2016 ★
BROOKLYN OFFICE

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

15-CV-0530 (SLT)(RML)

**TOWNES, United States District Judge:**

      In February of 2015, Plaintiff Edwin L. Zepeda commenced this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 195, 650-65, alleging that he did not receive minimum wage or overtime pay for his work as a tire repair person at "Hillside Tire Shop," a business owned and operated by defendant Gennadiy Barayev, Inc. Plaintiff filed proof that both defendants were served with a summons and complaint in March of the same year. (ECF Nos. 7-12). Neither defendant answered or otherwise responded to the pleading. Accordingly, two months later Plaintiff requested that the Clerk of Court enter a default against defendants. (ECF No. 13).

      After the Clerk entered the default, plaintiff moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) for damages, costs, and fees. (ECF No. 16). The Court subsequently referred the motion to Magistrate Judge Robert Levy for a report and recommendation ("R&R"). (ECF No. 17).

      On June 30, 2016, Judge Levy issued his R&R, recommending that a default judgment be

entered against defendants in the total amount of $29,671.20. (R&R at 12). That amount consisted of $586.08 in unpaid minimum wages; $12,702.72 in undpaid overtime; $13,288.80 in liquidated damages; $2,550 in attorney's fees; and $543.60 in costs. (*Id.*) The R&R specifically advised defendants that they had fourteen days from issuance of the R&R to file written objections, and that "[f]ailure to file objections within the time specified waives the right to appeal the district court's order." *Id.* (citing authorities).

On June 30, 2016, Judge Levy's chambers also mailed a copy of the R&R to each defendants' last known address. (ECF entry dated 6/30/2016). More than a eighteen days have passed since the R&R issued, but this Court has yet to receive objections from any party.

A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Levy's Report and Recommendation dated June 30, 2016, is adopted in its entirety. The Clerk of Court is directed to enter a default judgment in

2

favor of plaintiff and against the defendants, jointly and severally, in the amount of $29,671.20.

Upon entry of judgment, the Clerk of Court shall close this case.

**SO ORDERED**.

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: September 21, 2016
Brooklyn, New York

3